**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0751n.06**
**Filed: August 25, 2005**

**No. 04-6155**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEAN WOLFORD and LEROY WOLFORD, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| NORA ARRENDONDO, | ) | STATES DISTRICT COURT FOR THE |
| | ) | MIDDLE DISTRICT OF TENNESSEE |
| Defendant, | ) | |
| | ) | |
| HANOVER INSURANCE COMPANY and | ) | |
| STATE FARM INSURANCE COMPANY, | ) | |
| | ) | |
| Unnamed Defendants-Appellees. | ) | |
| | ) | |

**Before: NORRIS and DAUGHTREY, Circuit Judges, and MARBLEY,** [*] **District Judge.**

PER CURIAM. The plaintiffs, Jean and Leroy Wolford, appeal from the district court's

order granting summary judgment to the defendant insurance companies in a diversity action that

resulted from a rear-end collision in Williamson County, Tennessee, in which plaintiff Jean Wolford

was injured. The plaintiffs argue on appeal that the document on which the the district court's ruling

was based could have been manufactured after the fact, that this possibility creates a credibility

issue, and that the existence of disputed credibility precludes a grant of summary judgment.

---

[*]The Hon. Algenon L. Marbley, United States District Judge for the Southern District
of Ohio, sitting by designation.

However, the district court's order rested on the correct application of controlling state law. We therefore affirm.

On March 8, 2003, Jean Wolford was driving a car belonging to her sister-in-law, Patsy Adams, who was a passenger in the vehicle, when they were rear-ended by a pickup truck driven by Victoriano Grimaldo, a resident of Nashville, Tennessee. A law enforcement officer who responded to the accident ascertained, through registration documents and through accessing a national computer data base, that the truck driven by Grimaldo was registered on the date of the collision to Texas resident Nora Arredondo. Because the plaintiffs determined that neither Grimaldo nor Arredondo carried automobile insurance, the plaintiffs not only brought suit against Nora Arredondo, but also served summonses upon State Farm Insurance Company, the plaintiffs' uninsured/underinsured motorist carrier, and upon Hanover Insurance Company, Patsy Adams's uninsured/underinsured motorist carrier. Significantly, the plaintiffs did not name Grimaldo as a defendant in the action.

In April 2004, more than a year after the accident, Nora Arredondo executed an affidavit claiming that she was not the owner of the vehicle Grimaldo had been driving. In fact, her affidavit stated that she had sold the pickup truck to her brother-in-law, Francisco Arredondo, on February 17, 2003, approximately three weeks *prior to* the accident, and that Grimaldo was neither acting on her behalf nor furthering her interests on the date of the accident. Additional evidence indicated that Francisco registered the truck in his own name approximately two months after the collision.

Both insurance companies eventually filed motions for summary judgment, alleging that the actions against them must be dismissed as a matter of law. The district court agreed with State Farm

and Hanover because the relevant insurance policies obligated the companies to pay compensatory damages under the uninsured/underinsured motorist provisions only if the insured was legally entitled to collect or recover *from the operator or owner* of the uninsured vehicle. Because the plaintiffs failed to sue either the operator or the actual owner of the pickup truck, and because the one-year statute of limitations had expired so that the Wolfords could not amend their complaint to add an additional party, the district judge concluded that the plaintiffs were not "legally entitled" to collect from the parties mentioned in the insurance contract.

On appeal, the plaintiffs do not contest the policy provisions or the underlying facts surrounding the car accident. Instead, they insist that summary judgment is inappropriate in this matter because the document reflecting Francisco Arredondo's ownership of the pickup truck was not notarized and could easily be manufactured by unscrupulous tortfeasors. In her memorandum opinion, the district judge went to great lengths to explain why summary judgment was indeed proper in this case, under controlling provisions of Tennessee law regarding the titling and registration of vehicles. Although the truck was not *registered* in Francisco Arredondo's name until *after* the accident with Jean Wolford, the plaintiffs produced no evidence to counteract the evidence, however flimsy it may seem, of a legitimate property transfer between Nora and Francisco in February 2003.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would

serve no useful purpose.  Accordingly, we  AFFIRM the judgment of the district court upon the

reasoning set forth in that court's memorandum opinion filed on August 13, 2004.